UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | 1:16-cv-8801<br><br>JURY DEMAND<br><br>ATTORNEY AFFIDAVIT ATTACHED |

## COMPLAINT AT LAW

The plaintiff, MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, Deceased, by and through her attorneys, RAYMOND & RAYMOND, LTD., complaining of the defendant, UNITED STATES OF AMERICA, states as follows:

### JURISDICTION AND VENUE

1. This medical negligence action against the defendant, UNITED STATES OF AMERICA, arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), because the acts complained of occurred in this jurisdiction.

2. A U.S. Department of Justice Standard Form 95 was timely filed with the Department of Veterans Affairs on September 8, 2016.

3. To date, the Department of Veterans Affairs has not taken final action. This action is brought at this time in accord with <u>Augutis v. U.S.</u>, 732 F. 3d 749 (7th Cir. 2013) to avoid the

1

defense of the running of the applicable statute of limitations.

## COUNT I
### Medical Negligence / Wrongful Death

1. On and after February 28, 2014, defendant, UNITED STATES OF AMERICA, managed, maintained, controlled and operated a medical hospital, known as Edward Hines Jr. Veterans Administration Hospital, located at 5000 South 5th Avenue, Hines, Illinois 60141.

2. On and after February 28, 2014, defendant, UNITED STATES OF AMERICA, permitted and held its officers and employees of Edward Hines Jr. Veterans Administration Hospital ("HINES MEMORIAL"), to be federal employees for the purpose of malpractice tort claims against such medical hospitals.

3. HINES MEMORIAL, is a not-for-profit Veterans Health Administration hospital, established in accordance with the Veterans Administration Act, 38 USC § 1701.

4. On or about February 28, 2014, and thereafter, Gregory Matz, M.D. (DR. MATZ), was a medical doctor with offices in Cook County, held himself out to the general public as a specialist in otolaryngology skilled in the care and treatment of persons in the condition of Plaintiff's Decedent, JERRY STEWARD.

5. On or about February 28, 2014, and thereafter, DR. MATZ was an employee and/or agent, real, apparent or implied, of Defendant UNITED STATES OF AMERICA, and had offices at HINES MEMORIAL.

6. On or about February 28, 2014 and thereafter, the nurses, CRNA's, technicians, and aides at HINES MEMORIAL were employees, servants and/or agents of Defendant UNITED STATES OF AMERICA.

2

7. On or about February 28, 2014, and thereafter, the services Defendant DR. MATZ provided to Plaintiff's decedent, JERRY STEWARD, at HINES MEMORIAL were within the scope of his employment and/or agency with Defendant UNITED STATES OF AMERICA.

8. On or about February 28, 2014, Plaintiff's Decedent, JERRY STEWARD, presented at HINES MEMORIAL complaining of difficulty swallowing and noted a change in his voice, and was examined by DR. MATZ at HINES MEMORIAL's Ear Nose and Throat Clinic.

9. On or about February 28, 2014, DR. MATZ performed an endoscopy on JERRY STEWARD.

10. On or about February 28, 2014, after performing the endoscopy, DR. MATZ referred JERRY STEWARD to a Speech Pathologist for further evaluation.

11. On or about February 28, 2014, DR. MATZ did not rule out throat cancer as a possible cause of JERRY STEWARD's signs and symptoms by ordering a CT Scan, PET scan or otherwise.

12. On or about April 3, 2014, JERRY STEWARD again presented at HINES MEMORIAL with difficulties swallowing and change in his voice and was seen by one of the Speech Pathologists at HINES MEMORIAL.

13. On or about April 3, 2014, and thereafter, the Speech Pathologists at HINES MEMORIAL, including Rebecca Rogers, were employees and/or agents, real, apparent or implied, of Defendant UNITED STATES OF AMERICA.

14. On or about April 3, 2014, and thereafter, the services the Speech Pathologists, including Rebecca Rogers, who provided care to Plaintiff's decedent, JERRY STEWARD, at HINES MEMORIAL were within the scope of their employment and/or agency with Defendant UNITED

STATES OF AMERICA.

15. On or about April 3, 2014, the Speech Pathologist, Rebecca Rogers, performed a swallow study on JERRY STEWARD.

16. On or about April 3, 2014, and thereafter, Speech Pathologists, including Rebecca Rogers, failed to reasonably communicate the results of JERRY STEWARD's swallow study to DR. MATZ.

17. On or about April 3, 2014, and thereafter, DR. MATZ did not rule out throat cancer as a possible cause of JERRY STEWARD's signs and symptoms by ordering a CT Scan, PET scan or otherwise.

18. On or about June 5, 2014, JERRY STEWARD again presented at HINES MEMORIAL with difficulties swallowing and was seen by DR. MATZ at the Ear Nose and Throat Clinic at HINES MEMORIAL.

19. On or about June 5, 2014, and thereafter, DR. MATZ did not rule out throat cancer as a possible cause of JERRY STEWARD's signs and symptoms by ordering a CT Scan, PET scan or otherwise.

20. On or about July 28, 2014, JERRY STEWARD again presented at HINES MEMORIAL with difficulties swallowing and the change in his voice and was seen by one of the Speech Pathologists at HINES MEMORIAL.

21. On or about July 28, 2014, and thereafter, the services the Speech Pathologists, including Barbara Cook, who provided care to Plaintiff's decedent, JERRY STEWARD, at HINES MEMORIAL were within the scope of their employment and/or agency with Defendant UNITED STATES OF AMERICA.

22. On or about July 28, 2014, the Speech Pathologist, Barbara Cook, performed a swallow study on JERRY STEWARD.

23. On or about July 28, 2014, and thereafter, Speech Pathologists, including Barbara Cook, failed to reasonably the results of JERRY STEWARD's swallow study to DR. MATZ.

24. On or about July 28, 2014, and thereafter, DR. MATZ did not rule out throat cancer as a possible cause of JERRY STEWARD's signs and symptoms by ordering a CT Scan, PET scan or otherwise.

25. On or about August 29, 2014, and thereafter, the services the Speech Pathologists, including Megan Dean, who provided care to Plaintiff's decedent, JERRY STEWARD, at HINES MEMORIAL were within the scope of their employment and/or agency with Defendant UNITED STATES OF AMERICA.

26. On or about August 29, 2014, DR. MATZ and Speech Pathologist Megan Dean performed a swallow study on JERRY STEWARD.

27. On or about August 29, 2014, DR. MATZ advised the Speech Pathologist that there was a bulge on the posterior pharyngeal wall which required additional testing.

28. On or about September 11, 2014, JERRY STEWARD had a CT scan performed of his neck mass.

29. On or about September 16, 2014, JERRY STEWARD presented to the Ear Nose and Throat Clinic at HINES MEMORIAL.

30. On or about September 16, 2014, Zachary C. Fridirici, M.D. ("DR. FRIDIRICI"), examined Plaintiff's decedent, JERRY STEWARD, at HINES MEMORIAL's Ear Nose and Throat Clinic and performed an endoscopy.

5

31. On or about September 16, 2014, DR. FRIDIRICI saw a mass on JERRY STEWARD's hypopharynx.

32. On or about September 16, 2014, DR. FRIDIRICI performed a fine needle aspiration of JERRY STEWARD's hypopharynx mass.

33. On or about September 17, 2014, the pathology lab at HINES MEMORIAL confirmed the diagnosis of squamous cell carcinoma.

34. On and after February 28, 2014, Defendant, by and through its agents, employees, and/or apparent agents, DR. MATZ, Speech Pathologists, and/or nurses, CRNA's, technicians aides and/or therapists, breached its duty to Plaintiff's decedent, JERRY STEWARD, through one or more of the following negligent acts and/or omissions:

   a. failed to appreciate that JERRY STEWARD was at increased risk for developing throat cancer due to family history and personal risk factors;

   b. failed to see an abnormality in JERRY STEWARD's posterior pharynx during the February 28, 2014, endoscopy;

   c. failed to timely diagnose JERRY STEWARD's throat cancer;

   d. failed to cause reasonable diagnostic studies to be performed on JERRY STEWARD, including CT scans and PET scans of the throat;

   e. failed to diagnose JERRY STEWARD's throat cancer after changes in signs and symptoms, after abnormal swallow studies and/or after the finding of an abnormal bulge in the posterior pharynx;

   f. failed to reasonably communicate test results to other healthcare providers;

   g. failed to timely treat JERRY STEWARD's throat cancer;

   h. failed to adequately monitor the condition of JERRY STEWARD's throat;

   i. failed to timely inform JERRY STEWARD of his diagnosis.

35. The care and treatment rendered to Plaintiff's decedent, JERRY STEWARD, did not meet the standard of care which could reasonably have been expected.

36. On or about October 2, 2014, Plaintiff's decedent, JERRY STEWARD, was informed for the first time that he had throat cancer.

37. JERRY STEWARD did not know of his injuries or the negligent treatment by DR. MATZ, the Speech Pathologists, and/or nurses, CRNA's, technicians aides and/or therapists until being told of his diagnosis of throat cancer on October 2, 2014.

38. As a direct and proximate result of the negligent acts and/or omissions of Defendant's agents, the diagnosis of Plaintiff's decedent, JERRY STEWARD's, throat cancer was delayed, allowing the cancer to become more advanced requiring extensive medical and surgical treatments including chemotherapy, surgery, and radiation therapy, pain and suffering, disfigurement, increased risk of cancer recurrence, decreased survival, and other personal and pecuniary injuries.

39. As a direct and proximate result of the negligent acts and/or omissions of Defendant's employees and/or agents JERRY STEWARD sustained personal and pecuniary injuries and died on April 29, 2015.

40. From on or about February 28, 2014, up to and including October 2, 2014, Plaintiff's decedent JERRY STEWARD sought care and medical treatment at HINES MEMORIAL from Defendant's employees and/or agents.

41. Plaintiff JERRY STEWARD had no reason to discover that his injuries were wrongfully caused by Defendants until he was first diagnosed with breast cancer on October 2, 2014, thereby tolling the statute of limitations.

42. The Plaintiff, MELISSA STEWARD, Independent Administrator of the Estate of

JERRY STEWARD, deceased, brings this action pursuant to 740 ILCS 180/1, et seq., commonly known as the Wrongful Death Act.

43. JERRY STEWARD left surviving his certain next of kin, his wife, MELISSA STEWARD, and his five children, Amy Rybarczyk, Brandon Sustek, Lucas Sustek, Dylan Sustek and Angela Sustek.

44. All of JERRY STEWARD's next of kin suffered injuries as a result of his death, including the loss of companionship, support and society.

45. Two of JERRY STEWARD's children, Dylan Sustek and Angela Sustek, are minors, thereby extending the statute of limitations.

46. As a result of the aforesaid death of JERRY STEWARD, the next of kin of the Decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the Decedent, subjecting the Defendant to liability pursuant to the Federal Tort Claims Act and 740 ILCS 180/1, commonly referred to as the Wrongful Death Act.

WHEREFORE, Plaintiff MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, deceased prays for judgment against Defendant UNITED STATES OF AMERICA, for a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this lawsuit.

## COUNT II
### Medical Negligence / Survival Action

1 - 46. Plaintiff realleges Paragraphs 1 through 46 of Count I of this Complaint as Paragraphs 1 through 46 of this Count II.

47. As a direct and proximate result of the aforesaid negligent acts or omissions of

Defendant's employees and/or agents, JERRY STEWARD did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting Defendant, to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, deceased prays for judgment against Defendant UNITED STATES OF AMERICA, for a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this lawsuit.

## COUNT II
### Family Expense Act

1 - 46. Plaintiff realleges Paragraphs 1 through 46 of Count I of this Complaint as Paragraphs 1 through 46 of this Count III.

47.     As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant's employees and/or agents JERRY STEWARD died on April 29, 2015.

48.     As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant's employees and/or agents, the Estate of JERRY STEWARD, deceased, has incurred medical, funeral and burial expenses.

49.     Plaintiff, MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, deceased, brings this action to recover damages on behalf of the Estate of JERRY STEWARD, deceased, pursuant to the Federal Tort Claims Act, Illinois common law and the Illinois Probate Act, 755 ILCS 5/18-10, 5/18-14, 5/28-8.

WHEREFORE, Plaintiff MELISSA STEWARD, Independent Administrator of the Estate

of JERRY STEWARD, deceased prays for judgment against Defendant UNITED STATES OF AMERICA, for a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this lawsuit.

                         Respectfully submitted,

                         MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, deceased

                         By: /s/ *signature*
                            One of her attorneys

RAYMOND & RAYMOND, LTD.
1701 E. Woodfield Road, Suite 903
Schaumburg, IL 60173
p: (847) 995-1955
f: (847) 995-1956
myra@rr-law.com