UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA STEWARD, Independent Administrator of the Estate of JERRY STEWARD, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 8801 |
| v. | ) ) | Judge Pallmeyer |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to dismiss this Federal Tort Claims Act case for failure to exhaust pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and in support, states as follows:

1. Plaintiff Melissa Steward commenced this medical malpractice action on September 9, 2016, against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

2. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States,* 966 F.2d 307, 313 (7th Cir. 1992).

3. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kannar v. United States*, 118

F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States,* 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings,* 463 F.2d at 1179.

4. The complaint alleges that an administrative tort claim was filed on the day before the complaint was filed, September 8, 2016, with the Department of Veterans Affairs. The complaint also states (not surprisingly) that the claim has not been denied. Moreover, six months have not yet passed since the filing of the administrative tort claim. Dkt. 1, Complaint; *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.,* 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Jimmy L. Arce
    JIMMY L. ARCE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8449
    jimmy.arce@usdoj.gov